# SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement") is hereby entered into between **Betsa Melendez**, and all of her agents, successors, heirs, and assigns (collectively referred to as "**Melendez**"), and HOBO, LLC d/b/a/ MAYA TAPAS & GRILL, SARA MAYA and ROLANDO MAYA, and all of its parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, and assigns, and all of its past and present owners, officers, directors, shareholders, members, employees, consultants, agents, insurers, attorneys, and assigns (collectively referred to as "Employer", a term which includes Sara Maya and Rolando Maya). This Agreement shall be effective upon execution by all Parties and Court approval.

## Recitals

**WHEREAS, Melendez** was, at one time, employed by the Employer; and

**WHEREAS, Melendez** is seeking damages against the Employer under 29 U.S.C. § 201 *et seq.* for alleged unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA") in the case styled *Betsa Melendez et al. v. HOBO, LLC et al.* Case No. 17-CV-22695, currently pending in the United States District Court Sothern District Of Florida, Miami Division ("the Litigation"); and

**WHEREAS,** the Employer denies all allegations and disputes all claims raised by **Melendez**; and

**WHEREAS, Melendez** and the Employer desire to compromise, finally settle, and fully release any and all claims that **Melendez** has against the Employer raised in the Litigation; and

**NOW, THEREFORE,** in consideration of the mutual promises and covenants between the parties, the sufficiency of which is hereby acknowledged, **Melendez** and the Employer hereby agree to the following Terms and Conditions:

## Terms and Conditions

1. All the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

2. Upon execution of this Agreement, the Parties agree to jointly file a motion requesting that the Court approve this Agreement and enter an order dismissing with prejudice the pending Litigation and to resolve any and all claims **Melendez** may have made against the Employer for alleged unpaid wages and overtime compensation under the Fair Labor Standards Act and the FMWA. The Parties agree that this Agreement will be submitted to the Court and that this Agreement will be subject to Court approval. This Agreement shall be null and void, and neither party shall have any obligations under it if the Court fails to approve the settlement agreement in the Litigation.

3. In consideration for **Melendez's** execution of this Agreement, Employer agrees that, within fifteen (15) days from the date the Court approves this Agreement and dismisses

**Melendez's** claims in the Litigation with prejudice, it will pay **Melendez** the total gross amount of Seventeen Thousand One Hundred Eighteen Dollars ($17,118.00) as follows:

    A.    A check made payable to **Betsa Melendez** for the gross amount of Four Thousand Dollars ($4,000.00), less applicable federal income tax withholding and other deductions required by law, to resolve any and all claims **Melendez** may have made against the Employer for alleged unpaid regular/overtime compensation under the FLSA and the FMWA. This amount will be reported on a Form W-2 issued to **Melendez** for the 2018 tax year after the conclusion of 2018;

    B.    A check made payable to **Betsa Melendez** for the gross amount of Four Thousand Dollars ($4,000.00) to resolve any and all claims **Melendez** may have against the Employer for liquidated damages. This amount will be reported on a Form 1099 issued to **Betsa Melendez** for the 2018 tax year after the conclusion of 2018;

    C.    A check made payable to Koz Law, P.A., **Melendez's** attorney, located at 320 S.E. 9th St, Fort Lauderdale, FL 33316, in the amount of Nine Thousand One Hundred Eighteen Dollars ($9,118.00) to resolve any and all claims **Melendez** may have made against the Employer for attorneys' fees and costs. This amount will be reported on a Form 1099 to be issued to Koz Law, P.A. for the 2018 tax year after the conclusion of 2018. The Employer agrees that the amount of attorneys' fees and costs sought by Koz Law, P.A. is fair and reasonable given the legal services performed by the Koz Law, P.A., and the results obtained.

    4.    **Melendez** hereby agrees, represents and warrants that she shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to any recovery by her under this Agreement, except for the tax contributions federally mandated of Employer for employer taxes, and that she will fully satisfy all taxes, liens, and assignments for employee, but not employer taxes which may arise as a result of her receipt of the settlement payments. **Melendez** represents that she is not subject to any garnishment or wage deduction order, including but not limited to, any order for the payment of child support.

    5.    The parties agree that the time of payment set forth in paragraph 3, above, is of the essence and that payment must be received by Koz Law, P.A., 320 SE 9th Street, Fort Lauderdale, FL 33316. on or before the deadlines set forth in paragraph 3. If Employer fails to make the payments on the date specified above, Employer agrees and consents to entry of an Final Judgment against them, jointly and severally, and in favor of **Melendez**, in the amount of $31,118.00, plus attorneys' fees and costs, plus post-judgment interest at the statutory rate (**Melendez** can file an Unopposed Motion for Entry of Final Judgment), which amount shall represent the full and actual recovery for **Melendez** purported unpaid wages, liquidated damages, and pro rata share of attorneys' fees and costs. **Melendez** also shall be entitled to additional attorneys' fees and costs related to the enforcement of this Agreement, and attorneys' fees and costs related to the collection of any judgment that is entered in the event of default.

Melendez v. Hobo LLC v1

6.  In consideration for the payments described above and the dismissal of this lawsuit, the sufficiency of which is hereby acknowledged:

   A.  **Melendez** generally releases, satisfies and forever discharges the Employer of and from all actions, claims and demands, both known and unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, *et. seq.*, and Art. X, Sec. 24 Fla. Const.; Fla. Stat. §448.110 The Florida Minimum Wage Act which **Melendez** ever had, now has or may have against the Employer.

   B.  **Melendez** and Employer generally release, satisfy and forever discharge one another from any and all claims, demands or liabilities whatsoever, whether known or unknown, which **Melendez** or Employer ever had or may now have against the one another from the beginning of time to the date of this Agreement is executed, except for the obligations the Employer undertakes in this Agreement. This release includes, without limitation, any claims, demands or liabilities relating to or arising out of **Melendez's** employment with Employer and separation of employment with Employer pursuant to any federal, state, or local employment laws, regulations, ordinances, or executive orders prohibiting, among other things, age, race, color, sex, national origin, religion, marital status, familial status, sexual orientation, and disability discrimination.

      i.  This release includes, but is not limited to, any and all actions claims and demands under:

| |
|---|
| the Age Discrimination Employment Act (the "ADEA") as amended, 29 U.S.C. Section 623, et seq.; |
| Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. as amended; |
| the federal Americans with Disabilities Act 42 U.S.C. Section 12101, et seq. (the "ADA"), as amended; |
| the Equal Pay Act of 1963, 29 U.S.C. Section 206(d); |
| the Family and Medical Leave Act, as amended, 29 U.S.C. Section 2601, et seq. (the "FMLA"); |
| Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101, et seq.; |
| Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, et seq. |
| 42 U.S.C. Sections 1981 through 1988; |
| National Labor Relations Act, 29 U.S.C. Section 151, et seq., |
| Immigration Reform and Control Act of 1986, 8 U.S.C. § 1101, et. seq.; |
| the Uniform Services Employment and Reemployment Rights Act of 1994; |

| |
|---|
| the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. Section 1001, et seq. (excluding any vested benefits under any Employee Retirement Plan); |
| Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.; |
| Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, et. seq.; |
| Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. § 2000ff, et seq.; |
| Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 300gg, 29 U.S.C. § 1181, et. seq., and 42 U.S.C. § 1320d-6, et. seq.; |
| the Florida and Federal Constitutions; |
| the Florida Human Rights Act of 1977 and the Florida Civil Rights Act of 1992 as amended, Chapter 760 Florida Statutes; |
| the Florida Whistleblower's Act, Fla. Stat. Section 448.101, et seq.; |
| Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205; |
| Florida's wage payment and wage discrimination laws; |
| Florida Minimum Wage Act, Fla. Stat. Section 448.110; |
| the Florida AIDS Act, Fla. Stat. Sections 10.1125, 381.00 and 760.50; |
| Florida Discrimination on Basis of Sickle Cell Trait Law, Fla. Stat. Section 448.075; and |
| Miami-Dade Wage Theft Ordinance, as amended, Chapter 22, Sections 1-10 of the Code of Miami-Dade County; |
| All local and county ordinances; |
| any other federal, state or local statute, executive order, regulation or ordinance relating to or dealing with unpaid wages, employment, employment discrimination, retaliation, conspiracy, tortious or wrongful discharge. |

C. This release also includes, but is not limited to: (i) any and all claims for breach of contract and breach of employment contract (whether oral, express or implied) between **Melendez** and Employer; (ii) any and all claims for wrongful discharge, unpaid wages, future wage loss, employee benefits, bonuses, stock options, attorneys' fees and costs, penalties and damages of all types, including, but not limited to, punitive and compensatory damages and emotional distress damages; and (iii) any and all actions, claims and demands for tort damages (whether intentional or negligent) and/or personal injury as a result **Melendez's** employment or separation from Employer, such as defamation, fraud, misrepresentation, assault, battery, negligence, negligent supervision, hiring, or retention, detrimental reliance, intentional or negligent infliction of emotional distress, breach of a covenant of good faith and fair dealing, and any other offense.  The foregoing list is meant to be illustrative rather than exhaustive.

D. Notwithstanding the above, **Melendez** and Employer acknowledge that they are not waiving any rights or claims that may arise after this Agreement

4

is signed or any rights or claims that by law cannot be released in this Agreement.

E. **Melendez** represents that, with respect to the claims she is waiving, she is waiving not only her right to recover money or other relief in any action that she might institute, but she is also waiving her right to recover money or other relief in any action that might be brought on her behalf by any other person or entity including, but not limited to, the State of Florida, the U.S. Department of Labor ("DOL"), or any other (U.S. or foreign) federal, state, or local agency or department.

F. **Melendez** agrees not to apply for or accept employment with the Employer in the future.

G. **Melendez** agrees she has been paid and/or will be paid through settlement of the Litigation all of her past wages, compensation, bonuses, commissions, leave payments and/or and benefits due as of the date of this Agreement and that no such additional amounts are due to him.

H. **Melendez** agrees she has not filed any claims, complaints, charges, lawsuits or other proceedings against the Employer with any governmental agency, arbitrator, or any court other than as set forth in this Agreement.

I. **Melendez** agrees that she does not have any known workplace injuries or occupational diseases.

7. Confidentiality.

A. **Melendez** and Employer agree that all matters relating to this Agreement, and the negotiations preceding this Agreement, are strictly confidential. **Melendez** and Employer further agree that they and their attorneys, spouse and representatives will not publicize, disclose or give out any information concerning the terms of this Agreement, the content of the negotiations and discussions pertaining to this Agreement or the settlement of this matter, to any third person or entity. **Melendez** and Employer expressly agree that they cannot disclose or disseminate this Agreement or any information about this Agreement to the print or broadcast media, any internet communication outlet or to individuals that **Melendez** or Employer know or have reason to know are past or present employees, contractors, customers and vendors of the Employer.

B. Notwithstanding the forgoing, **Melendez** and Employer may disclose this Agreement on the following conditions: (i) **Melendez** may advise her attorney(s), accountant(s), tax preparers, commercial loan providers, and the Internal Revenue Service (IRS) that she received income as a result of a settlement agreement relating to her employment and the amount received; (ii) to federal regulatory authorities or law enforcement officers if instructed by them not to discuss his conversation with them to the Employer; and (iv) if subpoenaed by a party to a lawsuit, ordered by the Court or otherwise legally compelled, **Melendez** may testify or provide

5

information regarding this Agreement or may produce the Agreement, <u>provided that</u> she give notice within five (5) business days of receipt of any subpoena, court order or other related communication (oral or written) to Lowell J. Kuvin for Employer, Law office of Lowell J. Kuvin, 17 E. Flagler Street, Suite 223, Miami, Florida 33131, telephone 305.358.6800 and fax 305.358.6808 so that the Employer can assert any objections prior to **Melendez's** appearance at interview, deposition, hearing or trial.  **Melendez** acknowledges that she waives any objection to Employer's request that the document production or his testimony be done *in camera* and under seal.

C. The obligations contained in this paragraph will remain in force regardless of whether this Agreement or any portion thereof is ever filed with a court or an administrative agency.

D. **If Melendez or Employer breaches any provision in this Paragraph 6,** the non-breaching party shall have all legal and equitable rights to enforce the terms of this Agreement, and if a breach is proven in court, then the non-breaching party, upon prevailing, shall be entitled to reasonable attorneys' fees and costs.

8. The Employer agrees to provide **Melendez** with a neutral reference confirming only the dates of employment, positions held, and rates of pay, and shall not disclose the existence of this dispute or settlement.  Inquiries from prospective employers shall be directed to Sara Maya at phone number 305.532.4747.  To maintain the neutrality of the reference, if a prospective employer asks of **Melendez** is "eligible for rehire," the Employer shall state that it is the company's policy to disclose only the dates of employment, positions held, and rates of pay, and to not provide any additional information.

9. Employer represents and warrants that the person signing this Agreement has the authority to act on behalf of Employer and to bind Employer and all who may claim through Employer to the terms and conditions of this Agreement. **Melendez** represents and warrants that she has the capacity to act on his own behalf and on behalf of all who might claim through him to bind him to the terms and conditions of this Agreement.  **Melendez** and Employer each warrant and represent that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released by this Agreement.

10. Neither party has relied upon any representations or statements made by the other party hereto which are not specifically set forth in this Agreement.

11. **Melendez** and Employer acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the matters set forth in this Agreement.

12. This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Employer.

13. The provisions of this Agreement are severable, and if one or more of any provision or provisions are found to be unenforceable, invalid, or illegal, this will not affect any other provision or provisions of this Agreement, which will remain in full force and effect.

Melendez v. Hobo LLC v1

14. This Agreement may only be amended in writing signed by **Melendez** and the Employer and approved by the Court.

15. This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

16. This Agreement shall not be construed against the Employer by reason of the fact that Employer was responsible for the drafting of this Agreement or any provision of this Agreement.

17. The parties shall request that the Court retain jurisdiction to enforce the Agreement for a period of forty-five (45) days after the Court enters its order dismissing the case.

I have read the foregoing Settlement Agreement, and I accept and agree to the provisions contained herein.

4-9-18
**DATE**

*/s/ Betsa Melendez*
**BETSA MELENDEZ**

**DATE**

**SARA MAYA**

**DATE**

**ROLANDO MAYA**

**HOBO LLC d/b/a/ MAYA TAPAS & GRILL**

By:_____

**DATE**

Print Name:_____
Title:_____

7

Melendez v. Hobo LLC v1

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter "Agreement") is hereby entered into between **Betsa Melendez**, and all of her agents, successors, heirs, and assigns (collectively referred to as "**Melendez**"), and HOBO, LLC d/b/a/ MAYA TAPAS & GRILL, SARA MAYA and ROLANDO MAYA, and all of its parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, and assigns, and all of its past and present owners, officers, directors, shareholders, members, employees, consultants, agents, insurers, attorneys, and assigns (collectively referred to as "Employer", a term which includes Sara Maya and Rolando Maya). This Agreement shall be effective upon execution by all Parties and Court approval.

### Recitals

**WHEREAS, Melendez** was, at one time, employed by the Employer; and

**WHEREAS, Melendez** is seeking damages against the Employer under 29 U.S.C. § 201 *et seq.* for alleged unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA") in the case styled *Betsa Melendez et al. v. HOBO, LLC et al.* Case No. 17-CV-22695, currently pending in the United States District Court Sothern District Of Florida, Miami Division ("the Litigation"); and

**WHEREAS,** the Employer denies all allegations and disputes all claims raised by **Melendez**; and

**WHEREAS, Melendez** and the Employer desire to compromise, finally settle, and fully release any and all claims that **Melendez** has against the Employer raised in the Litigation; and

**NOW, THEREFORE,** in consideration of the mutual promises and covenants between the parties, the sufficiency of which is hereby acknowledged, **Melendez** and the Employer hereby agree to the following Terms and Conditions:

### Terms and Conditions

1. All the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

2. Upon execution of this Agreement, the Parties agree to jointly file a motion requesting that the Court approve this Agreement and enter an order dismissing with prejudice the pending Litigation and to resolve any and all claims **Melendez** may have made against the Employer for alleged unpaid wages and overtime compensation under the Fair Labor Standards Act and the FMWA. The Parties agree that this Agreement will be submitted to the Court and that this Agreement will be subject to Court approval. This Agreement shall be null and void, and neither party shall have any obligations under it if the Court fails to approve the settlement agreement in the Litigation.

3. In consideration for **Melendez's** execution of this Agreement, Employer agrees that, within fifteen (15) days from the date the Court approves this Agreement and dismisses

**Melendez's** claims in the Litigation with prejudice, it will pay **Melendez** the total gross amount of Seventeen Thousand One Hundred Eighteen Dollars ($17,118.00) as follows:

    A.     A check made payable to **Betsa Melendez** for the gross amount of Four Thousand Dollars ($4,000.00), less applicable federal income tax withholding and other deductions required by law, to resolve any and all claims **Melendez** may have made against the Employer for alleged unpaid regular/overtime compensation under the FLSA and the FMWA. This amount will be reported on a Form W-2 issued to **Melendez** for the 2018 tax year after the conclusion of 2018;

    B.     A check made payable to **Betsa Melendez** for the gross amount of Four Thousand Dollars ($4,000.00) to resolve any and all claims **Melendez** may have against the Employer for liquidated damages. This amount will be reported on a Form 1099 issued to **Betsa Melendez** for the 2018 tax year after the conclusion of 2018;

    C.     A check made payable to Koz Law, P.A., **Melendez's** attorney, located at 320 S.E. 9th St, Fort Lauderdale, FL 33316, in the amount of Nine Thousand One Hundred Eighteen Dollars ($9,118.00) to resolve any and all claims **Melendez** may have made against the Employer for attorneys' fees and costs. This amount will be reported on a Form 1099 to be issued to Koz Law, P.A. for the 2018 tax year after the conclusion of 2018. The Employer agrees that the amount of attorneys' fees and costs sought by Koz Law, P.A. is fair and reasonable given the legal services performed by the Koz Law, P.A., and the results obtained.

4.     **Melendez** hereby agrees, represents and warrants that she shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to any recovery by her under this Agreement, except for the tax contributions federally mandated of Employer for employer taxes, and that she will fully satisfy all taxes, liens, and assignments for employee, but not employer taxes which may arise as a result of her receipt of the settlement payments. **Melendez** represents that she is not subject to any garnishment or wage deduction order, including but not limited to, any order for the payment of child support.

5.     The parties agree that the time of payment set forth in paragraph 3, above, is of the essence and that payment must be received by Koz Law, P.A., 320 SE 9th Street, Fort Lauderdale, FL 33316. on or before the deadlines set forth in paragraph 3. If Employer fails to make the payments on the date specified above, Employer agrees and consents to entry of an Final Judgment against them, jointly and severally, and in favor of **Melendez**, in the amount of $31,118.00, plus attorneys' fees and costs, plus post-judgment interest at the statutory rate (**Melendez** can file an Unopposed Motion for Entry of Final Judgment), which amount shall represent the full and actual recovery for **Melendez** purported unpaid wages, liquidated damages, and pro rata share of attorneys' fees and costs. **Melendez** also shall be entitled to additional attorneys' fees and costs related to the enforcement of this Agreement, and attorneys' fees and costs related to the collection of any judgment that is entered in the event of default.

6. In consideration for the payments described above and the dismissal of this lawsuit, the sufficiency of which is hereby acknowledged:

   A. **Melendez** generally releases, satisfies and forever discharges the Employer of and from all actions, claims and demands, both known and unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, *et. seq.*, and Art. X, Sec. 24 Fla. Const.; Fla. Stat. §448.110 The Florida Minimum Wage Act which **Melendez** ever had, now has or may have against the Employer.

   B. **Melendez** and Employer generally release, satisfy and forever discharge one another from any and all claims, demands or liabilities whatsoever, whether known or unknown, which **Melendez** or Employer ever had or may now have against the one another from the beginning of time to the date of this Agreement is executed, except for the obligations the Employer undertakes in this Agreement. This release includes, without limitation, any claims, demands or liabilities relating to or arising out of **Melendez's** employment with Employer and separation of employment with Employer pursuant to any federal, state, or local employment laws, regulations, ordinances, or executive orders prohibiting, among other things, age, race, color, sex, national origin, religion, marital status, familial status, sexual orientation, and disability discrimination.

      i. This release includes, but is not limited to, any and all actions claims and demands under:

| |
|---|
| the Age Discrimination Employment Act (the "ADEA") as amended, 29 U.S.C. Section 623, et seq.; |
| Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. as amended; |
| the federal Americans with Disabilities Act 42 U.S.C. Section 12101, et seq. (the "ADA"), as amended; |
| the Equal Pay Act of 1963, 29 U.S.C. Section 206(d); |
| the Family and Medical Leave Act, as amended, 29 U.S.C. Section 2601, et seq. (the "FMLA"); |
| Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101, et seq.; |
| Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, et seq. |
| 42 U.S.C. Sections 1981 through 1988; |
| National Labor Relations Act, 29 U.S.C. Section 151, et seq., |
| Immigration Reform and Control Act of 1986, 8 U.S.C. § 1101, et. seq.; |
| the Uniform Services Employment and Reemployment Rights Act of 1994; |

3

Melendez v. Hobo LLC v1

| |
|---|
| the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. Section 1001, et seq. (excluding any vested benefits under any Employee Retirement Plan); |
| Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.; |
| Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, et. seq.; |
| Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. § 2000ff, et seq.; |
| Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 300gg, 29 U.S.C. § 1181, et. seq., and 42 U.S.C. § 1320d-6, et. seq.; |
| the Florida and Federal Constitutions; |
| the Florida Human Rights Act of 1977 and the Florida Civil Rights Act of 1992 as amended, Chapter 760 Florida Statutes; |
| the Florida Whistleblower's Act, Fla. Stat. Section 448.101, et seq.; |
| Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205; |
| Florida's wage payment and wage discrimination laws; |
| Florida Minimum Wage Act, Fla. Stat. Section 448.110; |
| the Florida AIDS Act, Fla. Stat. Sections 10.1125, 381.00 and 760.50; |
| Florida Discrimination on Basis of Sickle Cell Trait Law, Fla. Stat. Section 448.075; and |
| Miami-Dade Wage Theft Ordinance, as amended, Chapter 22, Sections 1-10 of the Code of Miami-Dade County; |
| All local and county ordinances; |
| any other federal, state or local statute, executive order, regulation or ordinance relating to or dealing with unpaid wages, employment, employment discrimination, retaliation, conspiracy, tortious or wrongful discharge. |

   C.   This release also includes, but is not limited to: (i) any and all claims for breach of contract and breach of employment contract (whether oral, express or implied) between **Melendez** and Employer; (ii) any and all claims for wrongful discharge, unpaid wages, future wage loss, employee benefits, bonuses, stock options, attorneys' fees and costs, penalties and damages of all types, including, but not limited to, punitive and compensatory damages and emotional distress damages; and (iii) any and all actions, claims and demands for tort damages (whether intentional or negligent) and/or personal injury as a result **Melendez's** employment or separation from Employer, such as defamation, fraud, misrepresentation, assault, battery, negligence, negligent supervision, hiring, or retention, detrimental reliance, intentional or negligent infliction of emotional distress, breach of a covenant of good faith and fair dealing, and any other offense. The foregoing list is meant to be illustrative rather than exhaustive.

D. Notwithstanding the above, **Melendez** and Employer acknowledge that they are not waiving any rights or claims that may arise after this Agreement is signed or any rights or claims that by law cannot be released in this Agreement.

E. **Melendez** represents that, with respect to the claims she is waiving, she is waiving not only her right to recover money or other relief in any action that she might institute, but she is also waiving her right to recover money or other relief in any action that might be brought on her behalf by any other person or entity including, but not limited to, the State of Florida, the U.S. Department of Labor ("DOL"), or any other (U.S. or foreign) federal, state, or local agency or department.

F. **Melendez** agrees not to apply for or accept employment with the Employer in the future.

G. **Melendez** agrees she has been paid and/or will be paid through settlement of the Litigation all of her past wages, compensation, bonuses, commissions, leave payments and/or and benefits due as of the date of this Agreement and that no such additional amounts are due to him.

H. **Melendez** agrees she has not filed any claims, complaints, charges, lawsuits or other proceedings against the Employer with any governmental agency, arbitrator, or any court other than as set forth in this Agreement.

I. **Melendez** agrees that she does not have any known workplace injuries or occupational diseases.

7. Confidentiality.

A. **Melendez** and Employer agree that all matters relating to this Agreement, and the negotiations preceding this Agreement, are strictly confidential. **Melendez** and Employer further agree that they and their attorneys, spouse and representatives will not publicize, disclose or give out any information concerning the terms of this Agreement, the content of the negotiations and discussions pertaining to this Agreement or the settlement of this matter, to any third person or entity. **Melendez** and Employer expressly agree that they cannot disclose or disseminate this Agreement or any information about this Agreement to the print or broadcast media, any internet communication outlet or to individuals that **Melendez** or Employer know or have reason to know are past or present employees, contractors, customers and vendors of the Employer.

B. Notwithstanding the forgoing, **Melendez** and Employer may disclose this Agreement on the following conditions: (i) **Melendez** may advise her attorney(s), accountant(s), tax preparers, commercial loan providers, and the Internal Revenue Service (IRS) that she received income as a result of a settlement agreement relating to her employment and the amount received; (ii) to federal regulatory authorities or law enforcement officers if instructed by them not to discuss his

5

Melendez v. Hobo LLC v1

   conversation with them to the Employer; and (iv) if subpoenaed by a party to a lawsuit, ordered by the Court or otherwise legally compelled, **Melendez** may testify or provide information regarding this Agreement or may produce the Agreement, <u>provided that</u> she give notice within five (5) business days of receipt of any subpoena, court order or other related communication (oral or written) to Lowell J. Kuvin for Employer, Law office of Lowell J. Kuvin, 17 E. Flagler Street, Suite 223, Miami, Florida 33131, telephone 305.358.6800 and fax 305.358.6808 so that the Employer can assert any objections prior to **Melendez's** appearance at interview, deposition, hearing or trial. **Melendez** acknowledges that she waives any objection to Employer's request that the document production or his testimony be done *in camera* and under seal.

  C. The obligations contained in this paragraph will remain in force regardless of whether this Agreement or any portion thereof is ever filed with a court or an administrative agency.

  D. **If Melendez or Employer breaches any provision in this Paragraph 6,** the non-breaching party shall have all legal and equitable rights to enforce the terms of this Agreement, and if a breach is proven in court, then the non-breaching party, upon prevailing, shall be entitled to reasonable attorneys' fees and costs.

  8. The Employer agrees to provide **Melendez** with a neutral reference confirming only the dates of employment, positions held, and rates of pay, and shall not disclose the existence of this dispute or settlement. Inquiries from prospective employers shall be directed to Sara Maya at phone number 305.532.4747. To maintain the neutrality of the reference, if a prospective employer asks of **Melendez** is "eligible for rehire," the Employer shall state that it is the company's policy to disclose only the dates of employment, positions held, and rates of pay, and to not provide any additional information.

  9. Employer represents and warrants that the person signing this Agreement has the authority to act on behalf of Employer and to bind Employer and all who may claim through Employer to the terms and conditions of this Agreement. **Melendez** represents and warrants that she has the capacity to act on his own behalf and on behalf of all who might claim through him to bind him to the terms and conditions of this Agreement. **Melendez** and Employer each warrant and represent that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released by this Agreement.

  10. Neither party has relied upon any representations or statements made by the other party hereto which are not specifically set forth in this Agreement.

  11. **Melendez** and Employer acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the matters set forth in this Agreement.

  12. This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Employer.

13. The provisions of this Agreement are severable, and if one or more of any provision or provisions are found to be unenforceable, invalid, or illegal, this will not affect any other provision or provisions of this Agreement, which will remain in full force and effect.

14. This Agreement may only be amended in writing signed by **Melendez** and the Employer and approved by the Court.

15. This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

16. This Agreement shall not be construed against the Employer by reason of the fact that Employer was responsible for the drafting of this Agreement or any provision of this Agreement.

17. The parties shall request that the Court retain jurisdiction to enforce the Agreement for a period of forty-five (45) days after the Court enters its order dismissing the case.

I have read the foregoing Settlement Agreement, and I accept and agree to the provisions contained herein.

_____  _____
DATE                             BETSA MELENDEZ

_____4-9-18_____  _____
DATE                             SARA MAYA

_____4-9-18_____  _____
DATE                             ROLANDO MAYA

                                 **HOBO LLC d/b/a/ MAYA TAPAS & GRILL**

_____4/9/18_____  By:_____
DATE
                                 Print Name: SARA MAYA
                                 Title: MGR.

7

Melendez v. Hobo LLC v1